IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

CHRISTOPHER VAN CARTER,

       Plaintiff,

vs.                                      No. 06-2335-JDB/dkv

CITY OF MEMPHIS, et al.,

       Defendants.

ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT
ORDER CERTIFYING APPEAL IS NOT TAKEN IN GOOD FAITH
AND
ORDER ASSESSING APPELLATE FILING FEE

Plaintiff Christopher Van Carter, prisoner number 148669, who is confined at the Northwest Correctional Complex ("NWCX"), in Tiptonville, Tennessee, filed a pro se complaint under 42 U.S.C. § 1983 on June 2, 2006, against the City of Memphis, Ronnie Dashon Payne, John Richardson, and C. Ivy. On August 27, 2007, the Court entered an order dismissing Carter's complaint under Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), because his claims of assault and brutality during his apprehension and arrest on June 16, 2005, have not yet accrued. Carter was convicted of aggravated assault and simple assault. He must have the conviction overturned on direct appeal or via collateral attack before any claims arising from his arrest can accrue. The Court entered its judgment on August 31, 2007.

On September 10, 2007, Carter filed a motion for relief from judgment which the Court construes as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e).

A party should be afforded relief from a judgment pursuant to Fed. R. Civ. P. 59(e) under only limited circumstances:

> [R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly. There are four basic grounds upon which a Rule 59(e) motion may be granted. First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice. . . . Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law.
>
> The Rule 59(e) motion may not be used to relitigate old matters, or present evidence that could have been raised prior to the entry of judgment. Also, amendment of the judgment will be denied if it would serve no useful purpose.

11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995) (footnotes omitted); see Nagalingam v. Wilson, Sowards, Bowling & Costanzo, No. 00-5453, 2001 WL 493392, at *2 (6th Cir. May 1, 2001). The issues raised by Carter do not fit within this framework. Carter merely restates and amplifies the allegations of his original complaint. Furthermore, Carter admits he wielded a three inch knife during his apprehension and arrest by the defendants. Carter's convictions for aggravated assault and simple assault are currently on appeal. If and when his convictions are overturned, his claims under § 1983 will accrue and he may refile his lawsuit. This Court's previous order of dismissal

addressed these issues at length. The motion to alter or amend presents no grounds for relief and is DENIED.

The Court previously CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), for the reasons expressed in the order of dismissal entered on August 27, 2007, that any appeal would not be taken in good faith and that Carter may not appeal in forma pauperis. On September 28, 2007, Carter filed a notice of appeal. The Court reaffirms, for the reasons expressed in the order dismissing the complaint, that the appeal in this matter by Plaintiff is not taken in good faith and he may not proceed on appeal in forma pauperis.

Carter is obligated to pay the $455 filing fee required by 28 U.S.C. §§ 1913 and 1917 within thirty (30) days of the entry of this order.[1] Pursuant to Fed. R. App. P. 24(5), Carter must make any further requests to proceed on appeal in forma pauperis to the Sixth Circuit Court of Appeals

IT IS SO ORDERED this 12th day of October, 2007.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[1]   The fee for docketing an appeal is $450. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.